Thank you, Your Honors. Good morning. May it please the Court, Robert Zawada on behalf of the appellants, Defendants Karen Hazelwood, Jeff Spinello, and Thomas Kinkade at the Downtown Mall. This case comes to the Court as an appeal from a District Court's grant of a motion to vacate an arbitration award. This is an arbitration award, Your Honors, that spanned three years, took up 32 hearing days, involved 27 witnesses, used up, involved 16 discovery and debenny essay depositions, accumulated approximately 7,000 hours of attorney time and legal assistant time from the appellants' counsel, 4,000 from appellee's counsel, and cost millions. Mr. Zawada, why didn't you file a notice of appeal within 30 days of the June 6th order? Because the June 6th order was not a final order, Your Honor. And why is it not final? Because under 9 U.S.C. 16, we were to appeal a final order. It's not a final order under Greentree v. Randolph-Syden in our brief, Your Honor, because it did not dispense with the entire arbitration award. By its very language, that order addressed only the damages portion and instructed the parties to brief, submit briefing on the attorney fee and cost portion of the award. Once the second half of the arbitration award was vacated by the Court, at that point, it became a final award. And at that point, we had the right to file a notice of appeal within 30 days of that date. So you would distinguish what happened here from the run-of-the-mine summary judgment or jury case, where judgment is entered on the question of liability and damages, and there is a subsequent proceeding before the clerk on bills of costs and maybe attorney's fees, and there may be a second appeal from that determination? That's exactly correct, Your Honor, because under the language of 9 U.S.C. 16 as I read it, you can – essentially, there was multiple orders disposing of a single arbitration award. As such, under Greentree, what the Court stated was essentially it's a final award if all there's left to do is render a judgment on that order. Okay. And that's what we have here. All right. Assume that I accept the answers to those questions. Why, then, do we have jurisdiction over the August 29th order where the district court basically sent this entire matter back to an entirely new arbitration panel to essentially redetermine the question at least – well, both of attorney's fees and to specify the components of the damages? Frankly, Your Honor, I don't know that you do. And being candid here, when we filed the notice of appeal from the July order disposing it, we had filed our motion on the remand prior to the issuance of the subsequent orders denying our motion for leave for reconsideration and then vacating the arbitration and cost award. We had no more time to wait. We actually waited until, to be safe, the 30th day, and then we filed our notice of appeal just to protect our rights. And at that point, on the one hand, I would consider it isn't an issue. However, the Court is not in the business to hear piecemeal appeals either. At this point, the Court has jurisdiction over the case. It can take jurisdiction over the subsequent matters as well. Well, if you're correct and we have jurisdiction over the first two orders, the June and the July order, then by definition, the district court lost jurisdiction to enter the August 29th order, did it not? I would have to agree with that, Judge. Okay. I mean, maybe this is a better question for opposing counsel, but this is a real procedural mix for us, a Gordian knot, as it were. As it has been for us, Judge. Okay. And essentially, it's been difficult. We've had to, because of the piecemeal issuance of orders instead of complete orders, we've had to act as we did, and I don't believe that there's any question as we stand here today, that this Court has jurisdiction over the orders of June 6th, 2007, and the subsequent order vacating the remaining portion of the final award issued by the arbitration panel. Now, on that particular award, we have to understand that, as I was discussing beforehand in terms of the immense amount of time, these arbitrators, this three-member panel of arbitrators lived this case, probably one of the most acrimonious cases I've experienced personally, and very heavily litigated by both sides. And essentially, the district court, without living those facts, without listening to any of the witnesses, without and with reviewing maybe a snippet of the transcripts, and there are thousands of pages of transcripts. Can you help me on that point? Was the entire proceeding reported? The entire proceeding. All 32 hearing days were reported. They were reported. So there is a transcript that a new panel could review if we somehow uphold the Court's order to re-arbitrate this in front of a completely new panel? Yes, Your Honor. It would be no small feat. I understand that. And I hear your argument both in terms of the effort and the cost to the parties of ordering, in essence, a re-arbitration. And again, a subsequent panel, and the judge would be even more removed from a subsequent panel if this Court were to remand the issue, would not be in, could not be in, the position that this panel was to hear the evidence, to make rulings based on the facts and based upon the law, and come up with a decision here resolving all of the claims. Now, essentially what it comes down to is that the Court made a ruling that because the district court denied plaintiffs' motion to file a second amended complaint, that somehow or another the facts that were set forth in the final award were nonetheless encompassed by the second amended complaint and could not form the basis of their award, despite what the arbitration panel says in their actual order. The arbitration panel right out, flat out says directly in the order that this is based upon the first amended complaint. And they go through the facts supporting their order regarding fraud and the inducement. And the allegations or the rulings that are made by the panel go directly towards, many of them, omissions, failure to state material facts. And those facts are pled clearly in the first amended complaint. I've got a question. Can you just help me focus on this? The June 6th order, was that the one that vacated the arbitration award? It didn't vacate the entire award, Your Honor. What it did was it vacated the damaged portion of the award, the damaged portion separate and apart from attorney fees and costs. The damaged portion consisted of $860,000, of which some portion of it, $122,000, was allocated towards out-of-pocket expenses. And it's your contention that the June 6th order was not final, not a final appealable order? That's correct, Your Honor. Okay. Because it said so right, it said as much in the order itself where it directed further briefings on the issue of whether or not there was any basis not to vacate the attorney fee and cost award portion of the final award. Did you ask the district court to stay the effect of that order or the flip side of that, I suppose, to certify it for interlocutory appeal? No, Your Honor. And when did the arbitration award vacatur become final? The arbitration award vacatur became final, if I may refer to my notes, Judge. On 7-18-2007, upon the issuance of the order vacating the second half of the final award, that portion dealing with attorney fees and costs. As of that date, the entire arbitration award had been vacated, and therefore that was a final order. And does it say final? It doesn't actually say final, Judge. And was there judgment entered on it? I don't believe there was a judgment entered on it, Your Honor, before that happened. There was still our motion that was pending before the issuance of that, and we waited until August 6th, essentially one month from the order denying our motion for leave for reconsideration, before filing our notice or our claim of appeal, Your Honor. And then, do I understand it correctly, on August 29th, this is when the district court remanded to a new arbitration panel to calculate damages? Is that right? Essentially limited to the out-of-pocket costs, Your Honor. Okay. And was that a final order? I don't know that that was a final order because of the jurisdictional issue. It's unclear as to the effect of it. The final order, as I read Green Tree and I read its progeny, we're dealing with the order that essentially dispenses with the arbitration award, where a judgment can be entered on it one way or another. That is the final order. Let's suppose that you had made no attempt on June 6th, July 18th, or August 29th to appeal at all from the district court. The matter had gone back to a new arbitration panel for the calculation of that portion of the damages you described, came back up to the district court, and the district court said fine, approved, judgment. And you had appealed from that judgment. Would you have lost any merit appeal by doing so? That was our concern. I can tell you that, Judge, because of the fact that the district court was in error  of damages. I'm not terribly worried about your concern. I want to know on that. I understand it's hypothetical. But if that had occurred, would you have lost any of your merit arguments? If you have lost the ability to argue to this Court that the district court was in error in vacating any portion of the arbitration award and in remanding for recalculation of damages? Your Honor, I believe I would have to look at, consider 9 U.S.C. 16 in terms of what constitutes a final order. I still believe, I believe that we would have lost our ability if 30 days had passed after July 18, 2007, to raise any of these issues if we had gone forward with the remand, gone back, and gone before the panel. Okay. Counsel, do you understand that the appeals authorized by Section 16 of the Arbitration Act are interlocutory appeals or appeals from final orders? I don't. The section that we're relying upon specifically deals with final orders. And I'm going on the case law, Your Honor, in terms of because final order is not defined in Section 16, the case law expounds upon what it is and has essentially said that final order is that order which all that remains is to enter a judgment on it. And that's the order that you can appeal. So that's how we identified it. And is it your position that at any point prior to the August 29th order, Judge Patel was in a position where the only thing that remained was to enter judgment? Well, there was our pending motion, but what I'm looking at here and what we're essentially a final order. It sounds contradictory. I don't believe it can be necessarily the last order entered on the case. There may have been a pending motion. However, under the Federal Arbitration Act and the cases that define Section 16 or interpret Section 16, it is that order that essentially dispenses with the arbitration award one way or another. That's the final order. Regardless of what else the judge is going to do in the district court level. Assuming, arguendo, that a motion for reconsideration termed as such does not toll the time for taking an appeal, does the grant of the motion terminate the finality of the judgment or of the order reconsidered? I'm sorry, Judge. I'm not clear on the question. All right. There is an order that you argue is a final order. The July 18th order, yes. There is a pending motion for reconsideration which your opponent says does not toll the time for taking an appeal. In this case, Judge Patel granted the motion for reconsideration, at least in part. My question is, does that eliminate the finality of the order reconsidered? If that motion for reconsideration, motion for leave to file a motion for reconsideration which the judge denied on the 6th, if you're saying that if she had granted that as to the first half of our arbitration award, that wouldn't be a final award unless she also made a subsequent determination as to the attorney fees and costs besides. What about the significance of what she did do on August, I believe it was 29th? Where she remanded back to a new arbitration panel. Did that eliminate the finality of the earlier orders? I don't believe it did because as I discussed with the bench just now, Your Honor, prior to that happening, we filed a claim of appeal. And upon the filing of the claim of appeal, this Court took jurisdiction because we had appealed essentially a final order that was issued on July 18th. Now, if the Court goes ahead and takes jurisdiction over all of it, I understand, as I said before, this Court is not in the business of taking piecemeal appeals. However, I don't know that I've answered your question. Well, there are a number. There's Ninth Circuit authority dealing with interlocutory appeals under 1292. There also is Ninth Circuit authority, I believe, dealing with collateral orders under Cohen v. Beneficial Finance. And it's my understanding that the Ninth Circuit has taken the view that neither an appeal from a collateral order under Cohen or an appeal from an interlocutory order under 1292 ousts the trial court of jurisdiction, and that the only way to prevent the trial court from doing further things is to obtain a stay. And Judge Hawkins asked if any stays were obtained in this case, and none were. So if we were to apply the reasoning of those cases to what is in effect interlocutory appeals in under 16 of the Arbitration Act, why shouldn't we reach the same conclusion? There simply is no final order in this case, and that the Court should simply dismiss for lack of jurisdiction and leave the parties where they fall. Because while that those cases speak generally, as far as interlocutory appeals in general, we're dealing with an appeal arising under the FAA specifically where you have a defined order, and under section part 1, section 3 of section 16, it specifically defines as states that you must take or you may take an appeal from a final order. There's 30 days that runs from that date. We ran the risk of this court losing jurisdiction, and I believe we would have lost jurisdiction, and counsel on the other side has argued vociferously that we lost jurisdiction early on and couldn't appeal those orders. The position is somewhat changed in the briefing. However, it was clear that because this is a final order separate and apart from the FAA, an appeal had to be taken within 30 days. Otherwise, we would have lost the right to appeal. Roberts. Okay. Our questions have taken you over your time. We'll be flexible with your opponent's time, and we'll see if we can be similarly flexible on rebuttal. Thank you. We understand it's a complicated case. Thank you very much, Your Honor. Thanks for your help on it. Counsel. Thank you. Thank you, Your Honor. May it please the Court, my name is Dana Levitt of Foley and Lardner. I represent the appellees, the Thomas Kincaid Company and Richard F. Barnett. If I may, I would like to make two things on the record clear. I think a moment ago, Judge Tallman, you said that you thought Judge Patel's order directing the rehearing would require a complete retrial of the arbitration. I don't believe that's true, Your Honor. I believe that what, in fact, Judge Patel directed the rehearing on were two very narrow issues concerning whether or not there would be damages in the record based on the allegations of the First Amendment complaint that would justify a recovery under the breach of contract theory or under the tortious interference with prospective business advantage theory, because Judge Patel had already decided that the fraud award could not stand. So if, in fact, this Court were to return the case to Judge Patel's courtroom to direct a rehearing, it would be a relatively limited one on two narrow issues. Well, I'm not quite so sure I agree, Mr. Levitt. The damages award, as I understand it, was based on a theory that the contract was based on fraud in the inducement, therefore, it was never formed, and therefore, damages have to be calculated, if you will, from the equivalent of a restitution or a rescission standpoint. And that is the basis on which the panel computed the 860,000 in damages. Now, if Judge Patel's order stands, the panel is going to have to take a completely different look and say, no, this was a binding agreement, there was no fraud in the inducement. Now, what are the damages that flow from breach of contract? And that's a completely different result than what the panel reached the first time around. If I may, Your Honor, Judge Patel, however, says that the inquiry of the new panel, once it is appointed, will be limited to the record that exists before the panel. And our contention, although this is clearly premature, but our contention before the new arbitration panel would be that there are no damages demonstrated in the record that proximately flow from the breach of contract theory or that proximately flow from the tortious interference theory. In fact, all the record reveals is arguably damages that flow from the fraud theory. Let's suppose it goes back to this limited remand. The new panel says, you're absolutely correct, no damages. It goes back up to Judge Patel. She signs off and it's appealed to us. Would we, to a panel of this Court, not necessarily this one, would the panel in that subsequent appeal have the authority to look all the way back to the merits? Absolutely, Your Honor. To the June 6th order? To the very beginning. I think that there's a fundamental confusion in the sequence of events here, if I may. There's a fundamental confusion in the sequence of events, if I may. Judge Patel issued the order vacating the arbitration award, the underlying award, on June 6th. On June 18th, the appellants made a motion for to direct a rehearing to the arbitration panel. They also made a motion for leave for reconsideration on July 5th. On July 6th, Judge Patel denied their motion for leave to file a motion for reconsideration. Within 24 hours, she denied that motion. We move forward to July 18, and Judge Patel vacates the fee award in favor of the appellant's lawyers. Then we go to August 6th, when the appellants file their notice of appeal. When they file their notice of appeal, by the way, claiming now before this Court that this July 18th order of the district court vacating the fee award was the final order, when they file their notice of appeal, there is still pending before Judge Patel their June 18th motion to direct a rehearing. So let me see if I understand your client's position as clearly as possible. Your position is, if this panel were to conclude that there is no final order before it and vacate and remand back to the district court with instructions to remand to the new arbitration panel for the purposes Judge Patel addressed, and there was a follow-on appeal to this Court, everything would be on the table? Everything would be on the table. That is correct, Your Honor. The merits, whether the initial award should have been set aside, what the proper calculation of damages is, et cetera? Yes, Your Honor, and I think that that's the teaching of this Court in the Shearson Loeb v. Mutch case. Now, I'm normally reluctant to rely upon concessions of counsel, but I take it you've thought this through. I have thought this through, Your Honor, and I think it's the correct result. It may not even be the best result. Maybe it would be better for my client, for me, to argue that we're entitled to win on the merits before this Court, and we are confident that we'll prevail on the merits. But that August 29, 2007 order from Judge Patel, which directs a rehearing, is not a final order. And you've – your client is well aware of the position you're taking and the concession that you're making? You're making me sweat, Your Honor, when you say that. That's my job. I'm thinking that there are devils behind me that I don't realize. Yes, my client is aware that I'm taking this position, and my client believes this is the correct position. Okay. Let me explain why. The fundamental confusion that the appellants have is that there's either one avenue of appeal, and it's the appeal of a final order. That's not true. Section 9, I mean, 9 U.S.C. Section 16 clearly says that you have the right to appeal immediately from an order vacating an arbitration award or vacating a partial award. And under Rule 4, you have the right to appeal immediately from an order vacating an arbitration award or vacating a partial award, and you have the right to appeal  award. So is the limitation of interlocutory appeals comparable to the right to immediately appeal an injunction or a final order? Essentially, Your Honor. Essentially. And the only limitation on it is Rule 4 of the Federal Rules of Appellate Procedure, which require that among those category or those species of orders that are immediately appealable, that you file your notice of appeal within 30 days. So they could have done that. But, Mr. Levit, the problem I'm having is that the attorney fee award was a – was the largest component of the arbitration award. It overshadowed the 860,000 in general damage. That is true, Your Honor. And the judge basically said, you know, I need to have more briefing on this issue. I'm not sure what to do with the attorney's fees as a result of my ruling on June 6th. That does not sound like a final order to me. It certainly, at that point, didn't result in anything other than putting in question the viability of the award that the arbitral panel had issued. Well, you're correct, Your Honor. But following on from what Judge Singleton said a moment ago, I think it's among those categories of orders that are made appealable by act of Congress that are not necessarily final. I will concede that it isn't – that it is an appeal from an interlocutory order. But it's important to remember that that wasn't their only option. They could have waited until there was a final order. But they're playing games with the jurisdictional issue now when they are to … I don't know that they're playing games. I think they're trying to protect themselves from the running of the clock. I mean, we routinely approve premature filings and multiple filings of notices of appeal in order to recognize that a party needs to protect its jurisdiction and its ability to block any later argument that it forfeited a right or waived a right that it otherwise has under the rule. Yes, Your Honor. But can the appellants stand before you and claim that the July 16th order vacating the arbitration fees was a final order which, after all means, resolves every issue in the case? Well, isn't it … When they had pending at the same time a motion for a rehearing that they now conveniently ignore? Well, maybe you can help me with the language of Judge Patel's order because as I read her order of July the 18th, towards the end … I have it in front of me, Your Honor. Okay. As I read it, that basically, I'm looking at page 26. I'm not sure what ER page that is. That's also page 26. It is also page 26. It's at section 175. Okay. Her conclusion, starting on line 14, is while no independent basis under the FAA exists for specifically vacating the award of attorneys' fees and costs, the award cannot stand in light of the vacator of the arbitration award. Accordingly, plaintiff's motion to vacate the award of attorneys' fees and costs is granted and the request for attorneys' fees is denied. As I read that, she's treating the award as the same, that it's basically made up of two components. And now she's declaring, I've ruled on the attorneys' fee question. We're done. Am I just misreading what she said? No. I think you read it correctly. But what I would say in response is at the time this order was issued by the court, there was still pending a motion that had been raised by the appellants. And the appellants could have just simply said, let's wait until Judge Patel makes a ruling on the attorneys' fees. We'll treat that as a final order, and let's not make a motion for a re-hearing. But if I agree with them, based on the language of her July 18 order, that she had now finally resolved the components in her own mind, both the, I'll call them the general damages on the one hand, the $860,000, the attorneys' fees on the other. She is now saying, I am vacating the entire arbitral award. And if that's correct, then the 30-day clock starts running on July 18. Well, perhaps you're right, Your Honor. Again, our contention would be that it doesn't stand as a final order at that point, because pending before her was the appellant's motion for a re-hearing.  But how is that any different from the motion that she had denied earlier in July to file a motion for reconsideration? Why wouldn't the next logical step be for the district court to simply deny the motion to grant a new hearing before a different panel for the same reason? Well, perhaps I can move to the merits for just a moment. I wish you would. I think we've spent quite a lot of time with the jurisdiction issue. It's not – it's very rare for a district court to vacate an arbitration award. The arbitration award has to stand out with its flaws in order to justify vacature. And when the district court in this case, in a 30-page opinion, vacated the arbitration award, I think that speaks volume for its fundamental flaws. In the opening argument, appellant's counsel talked about the time that was spent in the arbitration. It was an incredible amount of time, and certainly Judge Patel was aware of that. But she found that there was a fundamental basic flaw in the way in which the arbitration was ordered. And appellant's counsel during his argument of that flaw is not accurate. And if I could just correct the record. There is a first amended complaint. That first amended complaint contains a cause of action for fraudulent concealment. It rests on three claims. Let me just go through them very briefly. We didn't tell the appellants that this was a franchise when we knew it was. We didn't tell the appellants that Mr. Barnett was working on a commission basis when he knew he was. We didn't tell the appellants that they would be subject to a retail price maintenance policy. There was substantial discovery in this case. It was an extremely formal proceeding. There were motions to dismiss, motions for summary judgment. The pleadings in the case mattered. The parties directed the arbitration panel pay attention to these pleadings. They matter. Now, the second amended complaint proceeds on an entirely different theory with respect to the fraudulent concealment. It's no longer you didn't tell us that we would be subject to the retail price maintenance policy. It's now you didn't tell us that between the time that we went to Thomas Kincaid University, which is the training session for prospective dealers, and the time that we became dealers, you didn't tell us that the financial condition of the company substantially deteriorated. You didn't tell us that the signature galleries in the field were not performing as well. You knew those things, and you didn't tell them. We didn't have any discovery on that issue. And when they sought to amend their this is what's so important. They sought to amend the first amended complaint to file the second amended complaint. It was fully briefed 15 days into the arbitration. There was an extensive argument on the panel said no. And then at the end of the arbitration, the panel decided we're going to change the rules. We're going to listen to evidence, and we're going to listen to argument that comes only from that second amended complaint, the complaint that was rejected for filing. And if you look through the majority's final award in the arbitration, the references to the things that my client allegedly did wrong all come from the second amended complaint. And to make it even worse, I was the lawyer below in the arbitration. I could tell when appellant's counsel at the end, in closing argument, continued to refer to allegations in the second amended complaint, I could tell that there was a chance that the panel was going to do something very strange. And I made three offers of proof, not one, as the appellants claim in their brief, but three. And two of those offers of proof were to bring on new witnesses who had never testified that would talk specifically to those issues of the alleged financial deterioration of the company and whether or not the company's stores were performing less well or better. And both of those offers of proof were rejected. Now, the appellants claim they were rejected because the panel, the majority found it was cumulative. They didn't even make a finding on it. They just rejected it. And they wouldn't hear it. And Judge Patel said, look, arbitrators have got discretion to refuse to hear material evidence, but they don't have discretion under the Federal Arbitration Act to refuse to hear material evidence when the consequences of that failure to hear material evidence leads to an unfair hearing. I can't think of a better way to describe it, if I may, and may it please the Court. The rules were changed at the end of the game without notice and without an opportunity to present the evidence that we had that would have made the difference. Thank you. Roberts. Okay. Thank you for your argument. You have a little time for rebuttal. Thank you, Mr. Chief Justice. With respect to the alleged changing of the rules, and I would like to direct the question to the Court, where we actually outline the allegations contained in the First Amendment complaint that directly address the points that have been addressed just now by Mr. Leavitt. Specifically, Allegation 32 of our First Amendment complaint at T.K. University Media Arts represented that all owners of Kincaid Galleries were doing well financially and that everyone who followed the Media Arts Group recipe made a substantial sum of money. 33. I won't go through all of them, but it's all there. At T.K. University Media Arts Group represented. We understand. Your contention is this was not a surprise. It was in the First Amendment. Exactly, Your Honor. It was in the First Amendment. Ten of the counts that are in the First Amendment complaint also find their way into the Second Amendment complaint. Certainly there's a fair amount of overlap as well. If this panel concludes that we have no final order before us and we remand to the district court to proceed with the remand to a new arbitration panel on the limited basis Judge Patel ordered, and then it comes back and there's an appeal, a subsequent appeal to this court, would your client lose any right to contest the propriety of what had happened at any stage in the proceeding? My client has been decimated by this whole process, Judge. They're not a ‑‑ I'm not ‑‑ I understand passage of time, costs, that sort of thing. I'm talking about if that happened, would your client lose the ability to make any argument, assertion, claim, et cetera, in the follow-on appeal about the propriety of anything Judge Patel or the new panel had done? I believe so, Judge. And the reason I do, I mean, I can point to Appley's jurisdictional statement where they actually made the argument for me that failure to bring, to file our claim of appeal, they initially tried to argue in the jurisdictional statement that the failure to file our claim of appeal in 30 days of June 6, 07, robbed us of our ability to appeal this issue before this court. You heard your opponent's response to my question, which at least from where I sit was a concession. Do you disagree with it? I disagree with it, Judge, for the reasons that I began to explain about how my clients have been decimated. He can well survive going through this process for the next 10 years. My clients cannot, and he knows that. And that's why that argument is before this court, Judge. The truth of the matter is we have 30 days from the date of an order that disposes of the entire arbitration award. We filed pursuant to the statute. And I believe we would lose our rights if we were not able to pursue our appeal in, Judge. Counsel, my understanding, and I could be wrong on this, but it's my understanding that an interlocutory appeal pursuant to, I believe it's 1292, or an appeal from a collateral order under Cohen v. Beneficial Finance is permissive but not mandatory. In other words, a party is given the right to appeal immediately in order to avoid irreparable harm or so on, but is not mandated to and can still wait until there's a final judgment in the case to bring an appeal addressing all issues in controversy. Is it your position that the Federal Arbitration Act, Section 16, assuming that some of those orders are considered interlocutory, would not have the same result? Because that's basically what's being debated here. I believe so, Judge, and I'd have to take a step back and take the thousand-foot view of the Federal Arbitration Act and the purposes of arbitration, that it's supposed to be quick and inexpensive, Your Honor. To impose upon these people a second arbitration process, certainly of one of this magnitude, I believe deprives my clients of the right to get immediate appellate relief of an order that dispenses with an arbitration. It's supposed to be quick, and the process laid out, in effect, would deprive them of that right, Judge. Okay. Thank you very much, Your Honor. Thank both sides for their arguments. It's a really interesting case. We appreciate you coming in today. The case just argued will be submitted for decision. The panel will stand in recess for approximately a half an hour, and we'll take up Johnson v. Coturier. All rise.
judges: Hawkins, Tallman, Singleton